UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

DAVID R. PETE,
Plaintiff, Civil Action No. 1:25cv245

v.

FACEBOOK DATA BREACH, now known as
META PLATFORMS, INC.,
Defendant.

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAY 27 2025

BY
DEPUTY_____

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff David R. Pete, appearing pro se, alleges as follows:

I. NATURE OF THE ACTION

- This is an individual action for damages and injunctive relief arising from Defendant's longstanding failure to safeguard Plaintiff's personal data, culminating in a massive breach affecting Plaintiff's private information between May 24, 2007 and December 22, 2022.

II. JURISDICTION AND VENUE
2. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.
3. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts substantial business here and the acts giving rise to this Complaint occurred in this District. This Division is appropriate under Local Rule 3(d) because Plaintiff resides in Jefferson County, Texas, which falls within the Beaumont Division.

III. PARTIES
4. Plaintiff David R. Pete is an individual and a resident of Jefferson County, Texas. He maintains his principal address at 6355 Chinn Ln #2105, Beaumont, TX 77708.
5. Defendant Facebook Data Breach, now known as Meta Platforms, Inc., is a Delaware corporation with its principal place of business in Menlo Park, California. Defendant designs, operates, and maintains the Facebook platform, collecting and monetizing user data nationwide, including in Texas.

IV. FACTUAL ALLEGATIONS
A. Defendant's Promises and Practices
6. Defendant's Terms of Service and Privacy Policy promise users that reasonable and industry-standard security measures protect user data and that users will receive prompt notice of any unauthorized access.

B. Timeline of the Breach
7. From May 24, 2007 through December 22, 2022, Defendant collected extensive personal information from Plaintiff, including but not limited to name, email address, phone number, date of birth, device identifiers, and usage data.
8. During that period, Defendant failed to implement and maintain reasonable data security protocols.
9. Throughout the breach period, unauthorized actors exploited Defendant's insecure data systems, gaining repeated access to Plaintiff's sensitive information without authorization.
10. Defendant did not notify Plaintiff of the breach or offer adequate credit monitoring or

identity-theft protection until years after discovering unauthorized access.

C. Injury to Plaintiff

11. As a direct and proximate result of Defendant's negligence and wrongful conduct, Plaintiff has suffered:

a. Out-of-pocket costs for credit monitoring and identity-theft remediation;
b. Loss of privacy and emotional distress;
c. Increased risk of identity theft and fraudulent use of his personal information.

V. CLAIMS FOR RELIEF

COUNT I – NEGLIGENCE

12. Plaintiff incorporates the foregoing paragraphs.
13. Defendant owed a duty to safeguard Plaintiff's personal data and timely notify him of any breach.
14. Defendant breached that duty by failing to implement reasonable security measures and by delaying notification.
15. Plaintiff suffered damages as a direct and proximate result.

COUNT II – NEGLIGENCE PER SE (Violation of Texas Data Breach Notification Law)

16. Plaintiff incorporates the foregoing paragraphs.
17. Texas Business & Commerce Code §§ 521.052–.053 require entities to give prompt notice of a breach.
18. Defendant violated these provisions by failing to notify Plaintiff in a timely and adequate manner.
19. Plaintiff incurred damages as a direct result.

COUNT III – BREACH OF IMPLIED CONTRACT

20. Plaintiff incorporates the foregoing paragraphs.
21. By accepting Defendant's Terms of Service and using Facebook, Plaintiff entered into an implied contract requiring Defendant to protect his data and notify him of breaches.
22. Defendant breached that contract, causing Plaintiff's damages.

COUNT IV – INVASION OF PRIVACY (Intrusion Upon Seclusion)

23. Plaintiff incorporates the foregoing paragraphs.
24. Defendant intentionally intruded upon Plaintiff's private affairs by failing to secure his data.
25. The intrusion would be highly offensive to a reasonable person and resulted in injury.

COUNT V – UNJUST ENRICHMENT

26. Plaintiff incorporates the foregoing paragraphs.
27. Defendant received and retained benefits from Plaintiff's data without incurring the costs of proper security.
28. Equity and good conscience require disgorgement and restitution.

COUNT VI – DECEPTIVE TRADE PRACTICES (Texas DTPA)

29. Plaintiff incorporates the foregoing paragraphs.
30. Texas Business & Commerce Code § 17.46 prohibits false, misleading, or deceptive acts.
31. Defendant misrepresented its data-security practices and failed to perform promised safeguards.
32. Plaintiff relied on these misrepresentations and suffered damages.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff David R. Pete prays for judgment against Defendant as follows:

A. Compensatory damages in the amount of $100,000,000,000;
B. Punitive damages in the amount of $100,000,000,000;

C. Pre- and post-judgment interest as permitted by law;
D. Injunctive relief requiring Defendant to implement and maintain robust data-security measures, conduct regular security audits, and provide complimentary credit-monitoring for affected individuals for a minimum of ten years;
E. Costs of suit and attorney's fees as allowed by law; and
F. Such other and further relief as the Court deems just and proper.

Dated: May 25, 2025

Respectfully submitted,
Pro Se

David R. Pete
6355 Chinn Ln #2105
Beaumont, TX 77708
Phone: 409-998-0229 / 409-242-1918
Email: dpetedavidpete@yahoo.com

*/s/ David R. Pete*
5-27-2025