IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID R. PETE, | § | |
| | § | |
| Plaintiff, | § | C.A. No. 1:25-CV-00245-MAC-CLS |
| v. | § | |
| | § | |
| FACEBOOK DATA BREACH a/k/a | § | |
| META PLATFORMS, INC., | § | |
| | § | |
| Defendants. | § | |

**META PLATFORMS, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR CLERK'S ENTRY OF DEFAULT**

Meta Platforms, Inc. ("Meta")[1] hereby responds[2] to Plaintiff David R. Pete's ("Plaintiff") Request for Clerk's Entry of Default ("Request").[3]

## I.  INTRODUCTION

1. Plaintiff seeks entry of default against Meta under Federal Rule of Civil Procedure 55(a). Plaintiff's Request should be denied because Meta is not in default. Meta first received the summons and Plaintiff's Complaint for Damages and Injunctive Relief ("Complaint") on June 23, 2025; even assuming this constituted proper service, Meta's answer would not be due until July 14, 2025. Plaintiff's representation to the Court that he "caused" Meta to be served on June 7, 2025, is

---

[1] Plaintiff lists "Facebook Data Breach" as an "aka" of Meta, but Meta is not also known as "Facebook Data Breach." In the caption of his Request, Plaintiff also names as a defendant "Facebook, Inc.," which is not referenced in Plaintiff's pleadings. Facebook, Inc., previously changed its name to Meta Platforms, Inc.

[2] By filing this response, Meta does not waive any rights, including but not limited to the right to challenge service of process, personal jurisdiction, subject matter jurisdiction, venue, or to argue for the application of the mandatory forum selection clause found in Meta's Terms of Service.

[3] Dkt. No. 12.

unsupported by any information of which Meta's undersigned counsel is currently aware.

## II. BACKGROUND

2. Plaintiff filed a Complaint against Meta in this Court on May 27, 2025, for (1) negligence; (2) negligence *per se* (for alleged violations of Texas Data Breach Notification Law); (3) breach of implied contract; (4) invasion of privacy (intrusion upon seclusion); (5) unjust enrichment; and (6) for alleged violations of the Texas Deceptive Trade Practices Act.[4, 5] Plaintiff seeks damages of $200 billion.[6]

3. On May 27, 2025, Plaintiff filed an application for leave to proceed *in forma pauperis*,[7] which was granted on May 28, 2025.[8] That same day the Court ordered Plaintiff to supply Meta's service address so the U.S. Marshal's Service could serve Meta.[9] On June 3, 2025, Plaintiff provided Meta's service address information.[10] On June 6, 2025, pursuant to 28 U.S.C. § 636(b), the Court ordered the Clerk to prepare and issue a summons, and the U.S. Marshal to effectuate service upon Meta

---

[4] Two weeks ago, this Court *sua sponte* dismissed a different action brought by Plaintiff. *David R. Pete v. United States Department of Treasury, et al.* C.A. No. 1:25-CV-00068-MJT-CLS. Plaintiff also filed a "proposed entry of default" and "motion for default judgment" in another suit, seeking an identical $200 billion award. *See David R. Pete v. Small Business Administration, et al.* C.A. No. 1:25-CV-00223-MAC-CLS. The Court has dismissed other cases filed by Plaintiff in recent months. *David R. Pete v. Walmart Stores Texas, LLC*, C.A. No. 1:25-CV-00104-MJT-CLS. And Defendant is aware of at least 10 other cases Plaintiff filed in this and other courts over the last several years.
[5] Dkt. No. 1 at 2.
[6] *Id.* at 2.
[7] Dkt. No. 2.
[8] Dkt. No. 3.
[9] Dkt. No. 4.
[10] Dkt. No. 7.

pursuant to Federal Rule of Civil Procedure 4.[11]

4.  On June 6, 2025, the Clerk issued a summons for use by the U.S. Marshal.[12] Meta received the summons and Complaint on June 23, 2025.[13] The U.S. Marshal filed proof of service on June 27, 2025, listing "6/23/25" as the service date.[14] On June 23, 2025, the same day Meta first received Plaintiff's Complaint, Plaintiff filed his Request pursuant to Federal Rule of Civil Procedure 55(a) and "Local Rule CV-55 of the Eastern District of Texas."[15]

### III.  LEGAL STANDARD

5.  The default judgment process has three steps. *Sino Star Global Ltd., v. Shenzhen Haoqing Tech. Co., Ltd.*, No. 4:22-CV-980, 2025 WL 1668216, at *1 (E.D. Tex. June 12, 2025). **First**, the defendant must fail to answer or respond to service of process within the time set forth in Federal Rule of Civil Procedure 12. *Id.*

6.  **Second**, the clerk may then enter default if it is properly established. FED. R. CIV. P. 55(a).

7.  **Third**, after default is entered, the claimant may then apply for a default judgment. *Sino Star Global Ltd.*, No. 4:22-CV-980, 2025 WL 1668216, at *1. But "[u]ntil defendants are properly served and the clerk of court enters a default, Plaintiff[s] ha[ve] no basis for seeking a default judgment." *Balderas v. Nguyen*, No. 3:19-CV-2826-D, 2020 WL 2495889, at *3 (N.D. Tex. May 14, 2020); *Cain v. Sanders*,

---

[11] Dkt. No. 9.
[12] Dkt. No. 10.
[13] Ex. A, Affidavit of Alicia DeBonis ¶¶ 13 & 17.
[14] Dkt. No. 13.
[15] Dkt. No. 12.

3

No. 6:21-CV-369-JDK-KNM, 2022 WL 21738983, at *1 (E.D. Tex. June 14, 2022) ("Plaintiff has not first obtained a clerk's entry of default under Rule 55(a). Thus, his motion asking the Court to enter default judgment is procedurally improper.").[16]

## IV.  ARGUMENT

8. Plaintiff's Request skips straight to the second step—clerk's entry of default. Entry of default is not permitted here because the first step never occurred; Meta is not in default.

9. Here, Meta received the summons and Complaint from the U.S. Marshals on June 23, 2025. Plaintiff's representation that he "caused" Meta to be served on June 7, 2025, is unsupported by any information of which Meta's undersigned counsel is aware. Even if June 7, 2025, was the service date, that would make the answer date June 28, 2025, and default would not occur until June 29, 2025–after Plaintiff filed his Request. That said, Plaintiff's assertion that Meta was served on June 7, 2025, is not consistent with the U.S. Marshal's proof of service filing, which lists "6/23/25" as the service date.[17]

10. Even assuming Meta's June 23, 2025, receipt of the summons and Complaint constituted proper service, Meta's answer would not be due until 21 days later—July 14, 2025. *See* FED. R. CIV. P. 12(a)(1)(A)(i) (requiring an answer or response 21 days after service). Meta is therefore not in default, so no entry of default

---

[16] Plaintiff also cites "Local Rule CV-55 of the Eastern District of Texas" in support of his request that the Clerk of Court enter default against Meta. Request at 1. No such local rule appears to exist.
[17] *See* Dkt. No. 13.

4

is permitted. *See Sino Star Global Ltd.*, No. 4:22-CV-980, 2025 WL 1668216, at *1 (listing actual default as the first step preceding any clerk's entry of default).

## V. CONCLUSION

11. For the foregoing reasons, Plaintiff's Request for Clerk's Entry of Default should be denied.

Respectfully submitted,

*/s/ Ryan C. Wooten*
Ryan C. Wooten
State Bar No. 24075308
Michael Morehead
State Bar No. 24102242
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
609 Main Street, 40th Floor
Houston, Texas 77002
Telephone: 713.658.6400
Facsimile: 713.658.6401
rwooten@orrick.com
mmorehead@orrick.com

**ATTORNEYS FOR META PLATFORMS, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 27, 2025, a copy of the foregoing document was electronically filed and served on all parties through the Court's CM/ECF filing system. A copy is also being mailed to the physical address Plaintiff provided in this case.

David R. Pete
6355 Chinn Lane, No. 2105
Beaumont, TX 77708

*/s/ Michael Morehead*
Michael Morehead