| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| DAVID R. PETE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | CIVIL ACTION NO. 1:25-CV-00245-MAC |
| | § | |
| FACEBOOK DATA BREACH a/k/a/ | § | |
| META PLATFORMS, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM AND ORDER**
**OVERRULING PLAINTIFF'S OBJECTION TO TRANSFER**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

**I. Background**

On July 14, 2025, Defendant Meta Platforms Inc. moved to dismiss this action or, in the alternative, transfer it to the Northern District of California (#17). Plaintiff David R. Pete, proceeding *pro se* and *in forma pauperis*, responded on July 23, 2025 (#18); Meta replied on July 30 (#19); and Plaintiff filed a sur-reply on August 4 (#20).

On September 15, 2025, Judge Stetson considered the motion and the responses thereto and issued a Memorandum Opinion on Jurisdiction (#21) finding that the court lacked personal

jurisdiction over Meta. So, Judge Stetson ordered the clerk of court to transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1631 (#22).

The case was not immediately transferred due to this district's local rule instructing the clerk of court to wait 21 days before transferring cases to other federal districts. E.D. TEX. LOC. R. CV-83(b). The waiting period would have passed on October 9, 2025,[1] but if any party files a "motion for reconsideration of the order of transfer" within the 21-day window, transfer is further delayed until the court rules on such motion. *Id*. Here, a week after Judge Stetson ordered transfer, Plaintiff filed an "Objection" (#23), which delayed transfer. Though not required to, Meta timely responded (#24) to Plaintiff's objections on October 6, 2025.

## II. Legal Standard

The initial issue here is which standard of review the court should employ when looking at the transfer order.[2] As Local Rule CV-83(b) states, litigants may file a "motion for reconsideration of the order of transfer." But "the Federal Rules of Civil Procedure do not provide for a motion for reconsideration." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Instead, reconsideration of non-dispositive orders is governed by Federal Rule of Civil Procedure 54(b). *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (referencing *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336–37 (5th Cir. 2017).

---

[1.] Plaintiff is entitled to an additional three days for his deadlines because he receives court filings by mail. FED. R. CIV. P. 6(d).

[2.] There is no jurisdictional problem here because of Local Rule CV-83(b), reflecting how the Eastern District of Texas has adopted "the better practice" of "stay[ing] the effect of transfer orders for a sufficient period to enable . . . review to be sought" in order to avoid jurisdictional fiascos. 15 Charles A. Wright, Arthur R. Miller, & Richard D. Freer (Wright & Miller), *Federal Practice and Procedure* § 3846 (4th ed. 2023). *See In re Space Expl. Techs. Corp.*, 99 F.4th 233, 236 n.5 (5th Cir. 2024) (Jones, J., dissenting) (noting how "in the wake of [that case's] controversy [over jurisdiction and transfer], the Southern District of Texas adopted a local rule that requires a 21-day waiting period for transfers to another district to allow an opportunity for stay or appellate review").

The Rule 54(b) approach is "flexible" and allows the "district court to afford such relief from interlocutory judgments as justice requires" without the "heightened standards for reconsideration governing final orders." *Austin*, 864 F.3d at 337. On the other hand, Local Rule CV-72(b) permits litigants to file objections to the non-dispositive orders of magistrate judges for review by the district judge under the "clearly erroneous" standard in Federal Rule of Civil Procedure 72(a).

The court therefore must decide whether Plaintiff is entitled to a "flexible" or "clearly erroneous" standard of review. The court chooses flexibility and elects to review the order of transfer under the "clearly erroneous" standard in Rule 72(a). *See* E.D. TEX. LOC. R. CV-72(b); *see also Personalized Media Commc'ns, LLC v. Zynga, Inc.,* No. 12-CV-68, 2013 WL 12147661, at *1 & n.2 (E.D. Tex. July 22, 2013) (Gilstrap, J.) (construing a party's incorrectly captioned "appeal" of the magistrate judge's order denying transfer as a "motion for reconsideration" but reviewing the order for clear error under Local Rule CV-72(b)).

Under this standard, the court must consider a party's "specific" objections to the magistrate judge's order and "modify or set aside any part of the order that is clearly erroneous or contrary to law." E.D. TEX. LOC. R. CV-72(b); FED. R. CIV. P. 72(a). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's order where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

### III. Analysis

Plaintiff's filing is confusing, but the court has distilled three[3] specific objections from him: that Judge Stetson's order (1) "exceed[ed] the scope of § 1631," (2) misapplied the "interest-of-justice" factors, and (3) failed to consider how transfer would prejudice him. *See* (#23 at 2–4). The court addresses each in turn.

#### A. *Scope of § 1631*

Plaintiff objects to Judge Stetson's transfer under § 1631 because it "exceeds the scope of [the statute]." (#23 at 3.) Plaintiff claims that transfer was improper because § 1631 "cannot be used to *create* jurisdiction where it does not exist." (*Id*.) Plaintiff is correct that transfer to the Northern District of California is proper "only if it can exercise personal jurisdiction" over Meta. (*Id*.) But as he admits, "it can."[4] (*Id*.) Judge Stetson did not err in finding the same.

#### B. *Application of interest-of-justice factors*

Plaintiff also claims that Judge Stetson relied on factors "contrary to controlling precedent" in finding that transfer was in the interest of justice. (#23 at 3.) Plaintiff primarily objects to Judge Stetson's consideration of his *in forma pauperis* (*ifp*) status (*Id*.) The "controlling precedent" Plaintiff cites for support is *Franco v. Mabe Trucking Company*. (*Id*.) In *Franco*, Plaintiff claims the Fifth Circuit instructed that courts "may not consider extraneous

---

[3] A potential fourth objection is Plaintiff's claim that the transfer order "violat[ed] Rule 83(b)" (#23 at 3). Plaintiff specifies that he believes the order violated Local Rule CV-83(b) because it transferred the case in violation of "the procedural safeguard embodied in" the rule. (*Id*.) Plaintiff must mean to reference the 21-day waiting period to avoid jurisdiction snafus, as the language he purports to quote from the rule is nonexistent. Judge Stetson's order did not violate Local Rule CV-83(b), however. The only reason why this court can even consider Plaintiff's objections is because of the rule. Plaintiff is very much enjoying its procedural safeguard. His objection is baseless, and the court does not consider frivolous objections. *Nettles*, 677 F.2d at 410 n.8.

[4] The Northern District of California has general personal-jurisdiction over Meta. A corporation like Meta is subject to general personal-jurisdiction wherever it is "at home," which is wherever "it is incorporated or has its principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Here, both parties agree, and Judge Stetson found, that Meta's principal place of business is in California. (#s1 at 1, ¶5; 21 at 5; 24 at 4.)

factors such as the plaintiff's poverty" in considering the interests of justice under § 1631. (*Id*.) This would be cause for concern because Judge Stetson did consider Plaintiff's *ifp* status in assessing the interests of justice. (#21 at 10.) But Plaintiff's quoted language is not in *Franco*. The only guidance from *Franco* on the interests of justice for § 1631 transfers is that "the transferor court's discretion serves as a guard against the provision being abused to unfairly prejudice a defendant." 3 F.4th 788, 799 n.8 (5th Cir. 2021). The court does not know from where Plaintiff got his quoted language.[5] Nonetheless, nothing prevented Judge Stetson from considering Plaintiff's *ifp* status among the interest-of-justice factors.

Plaintiff also claims that Judge Stetson erred by crediting as a factor the forum-selection clause contained in the Terms of Service Plaintiff agreed to when he signed up for Facebook, Meta's website. Plaintiff cites *Atlantic Marine Construction Company v. United States District Court for the Western District of Texas* as his "controlling precedent" for this claim. (*Id*.) While Plaintiff again misquotes his cited case, he does correctly rely on *Atlantic Marine* to say that forum-selection clauses should be "given controlling weight" except, for instance, if the transferee court were an improper venue. *See* (*id*.); 571 U.S. 49, 60 (2013). But the Northern District of California is a proper venue for this case. Further, the "enforcement of valid forum-selection clauses" serves "vital interests of the justice system." *Atl. Marine*, 571 U.S. at 63. Judge Stetson's choice of interest-of-justice factors was not contrary to law.

### C. Prejudicial effect of transfer

Last, Plaintiff objects to how Judge Stetson "ignored" the personal hardships he claims that he will suffer if the case is transferred to the Northern District of California. (#23 at 4.)

---

[5.] If it was from artificial intelligence, the court would remind Plaintiff that its errors could subject him to sanctions under Local Rule CV-11(g), as he should know by now.

Plaintiff's troubles with litigating in California are irrelevant. The Supreme Court makes clear that "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum" no matter the "inconvenience [they] would suffer." *Atl. Marine*, 571 U.S. at 64. Whatever trials and tribulations transfer treats Plaintiff to, he can always consult the Northern District of California's guide to "Representing Yourself," https://cand.uscourts.gov/representing-yourself.

### IV. Order

Plaintiff's objections are overruled. The clerk of court is directed to immediately transfer this action to the Northern District of California pursuant to Judge Stetson's order (#22). E.D. TEX. LOC. R. CV-83(b).

**Signed this date**
**Oct 22, 2025**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE